Electronically Filed by Superior Court of California, County of Orange, 06/15/2020 02:05:57 PM.
30-2020-01148084-CU-PN-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Ryan Gee, Deputy Clerk.

Christopher Rolin, Esq., SBN #38672
Law Offices of Christopher Rolin
2 Saint Pierre
Newport Coast, California 92657
(949) 706-7171
christopherrolin@gmail.com

Attorney for Plaintiffs,
TODD MUELLER and TODD
MUELLER AUTOGRAPHS, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF ORANGE

TODD MUELLER and TODD MUELLER AUTOGRAPHS, LLC,

    Plaintiffs,

vs.

MATTHEW CLARKE, an individual; DUGAN KELLEY, an individual; CHRISTMAN, KELLEY & CLARKE, PC; and DOES 1 through 10, inclusive,

    Defendants.

CASE NO.: 30-2020-01148084-CU-PN-CJC
Judge Melissa R. McCormick

PLAINTIFFS' COMPLAINT FOR DAMAGES:

1. LEGAL MALPRACTICE;
2. BREACH OF FIDUCIARY DUTY;

    Plaintiffs, Todd Mueller and Todd Mueller Autographs, LLC, are informed and hereinafter believe as follows:

## I
## INTRODUCTION

1. Plaintiff, Todd Mueller, is an individual residing in the State of Colorado and is a leading dealer in autographed memorabilia throughout the world. Plaintiff, Todd Mueller, operates as a dealer on an individual basis and through his company, Todd Mueller Autographs, LLC, a Colorado limited liability company. Plaintiff, Todd Mueller, also did business and was

1

COMPLAINT

the subject of misconduct in the County of Orange.

2. At all times herein mentioned, Plaintiffs, Todd Mueller (hereinafter referred to as "Mueller") and Todd Mueller Autographs, LLC, were performing business activities in the County of Orange, State of California. They were Plaintiffs in an action against Collectors Universe, Inc., a Delaware corporation doing business as PSA/DNA and several other Defendants in connection with multiple causes of action in a case filed in Orange County.

3. Defendants, Matthew Clarke and Dugan Kelley, were principals in the law firm of Christman, Kelley & Clarke, PC, located in Santa Barbara, California. However, they were the Plaintiffs' attorneys in the prior case which was litigated in the County of Orange.

4. The true names and capacities, whether corporate, associate, individual, partnership, or otherwise of Defendants DOES 1 through 20, are unknown to Plaintiffs. Defendants DOES 1 through 20 are sued herein as DOES 1 through 10, inclusive are sued in this Complaint under such fictitious names. Defendants' true names and capacities are unknown to Plaintiffs. When said Defendants' true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and based upon such information and belief thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the events and occurrences alleged in this Complaint and that Plaintiffs' damages, as alleged in this Complaint were proximately caused by those said Defendants as alleged herein.

5. At all times herein mentioned, that each of the Defendants, and DOES 1 through 20, inclusive were and are the agent, servant, representative and/or employee of each other said Defendant and as such said Defendants are sued herein individually, and as the agent, servant, representative, and/or employee of each other said Defendant. At all times herein mentioned, said Defendants were acting within the purpose and scope of such agency, representation, servitude, and/or employment of each other said Defendant and with the expressed and/or

2

COMPLAINT

implied consent and/or ratification of each other said Defendant.

6. The amount in controversy is several million dollars and therefore properly filed in the Superior Court for the County of Orange for this action involving agreements, acts, omissions, and other alleged misconduct which occurred in the County of Orange.

## II

## BACKGROUND

7. The autographed entertainment memorabilia industry (the "industry") is a $2 billion dollar industry that consists of the buying and selling of autographed items (collectively hereinafter referred to as "items") signed by various entertainment, sports, and political celebrities (hereinafter collectively referred to as "celebrities").

8. Plaintiffs are engaged in the business of buying and selling collectible memorabilia consisting primarily of autographed images of celebrities. For over two decades, Plaintiffs have sold memorabilia to the public and are considered one of the leading collectible memorabilia dealers within the industry.

9. The industry is comprised of dealers, auction houses, third party authenticators, and end consumers. To sustain the market, dealers, auction houses, and consumers depend on third party authenticators to authenticate items in the market.

10. Within the market are a select few individuals that multiple companies, including auctioneers, dealers, and authenticators, share amongst themselves to control the industry to the detriment of those that are not in this "inner circle."

11. The Defendants in Collectors Universe case make up this inner circle and engaged jointly in a campaign to remove Plaintiffs from the market entirely. Specifically, Defendants conspired to not authenticate items sold by Plaintiffs, not based on the genuineness of the item, but on the sole fact that the item was sold by Plaintiffs. In an effort to remove Plaintiffs from the market, Defendants in the Collectors Universe case engaged in unlawful and illegal business

3

COMPLAINT

practices, including: making accusations in public forums unjustly labeling Plaintiffs as purveyors of forgeries; failing to authenticate the actual items versus simply claiming items are forgeries because they are being sold by Plaintiffs; engaging collectors to not buy from Plaintiffs.

12. Plaintiffs in the Collectors Universe case claimed the Defendants in the industry conspired to remove Plaintiffs from the Memorabilia market by publicly declaring the items it sells as forgeries. Aside from spreading malicious fabrications claiming Plaintiffs are purveyor of forgeries, said businesses refused to authenticate items sold by the Plaintiffs not based on the actual genuineness of the items, but on the sole fact that the item was sold by Plaintiffs. Such actions were done intentionally to disparage the items sold by the Plaintiff in the public perception and to induce customers not to continue or otherwise do business with Plaintiffs.

13. Although PSA/DNA and JSA appeared to be competitors, most of PSA/DNA and JSA's authenticators perform as authenticators for each company, meaning the same authenticators act on behalf of both PSA/DNA and JSA. In addition, some authenticators that were working for PSA/DNA and JSA were also authenticating through their own services or providing authentication services for auction houses, such as R&R Auction Company.

14. Instead of judging the authenticity of an item based on the signature and the item itself, the Collectors Universe Defendants used their conjoined market power created through their agreement to employ and utilize their network of authenticators, dealers, and media personalities to come together and ensure that certifications of authenticity were not issued to items sold by Plaintiffs herein.

15. By publicly and falsely labeling Plaintiffs' goods as forgeries or Plaintiffs as purveyors of forgeries, Defendants removed Plaintiffs from the market entirely.

//

//

4

COMPLAINT

## III

## FIRST CAUSE OF ACTION FOR LEGAL MALPRACTICE AGAINST ATTORNEY CLARKE, ATTORNEY KELLEY, AND CHRISTMAN, KELLEY & CLARKE, PC

16. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 inclusive and incorporate them as though fully set forth herein.

17. Plaintiffs contend that the attorney Defendants, Matthew Clarke and Dugan Kelley, and their firm Christman, Kelley & Clarke failed to use the skill and care that reasonable prudent careful attorneys would have used under similar circumstances in their prosecution of the three count Complaint against Collectors Universe, Inc. and the other Defendants in the prior action.

18. Plaintiffs contend that the actions of attorney Defendants, Matthew Clarke and Dugan Kelley, through their law firm beginning in April, 2016 through the Summer of 2019, when the case was lost on a pretrial motion constituted attorney negligence and was beneath the standard of care for civil litigation in Southern California.

19. Plaintiff Todd Mueller and his Todd Mueller Autographs, LLC had been in business for a lengthy career which marketed the sale of autographs throughout the United States. During the three year course of discovery from the date of filing through the first session of Plaintiffs deposition, the Defendants were found by the court to have willfully violated multiple discovery orders. The court in this case issued incrementally increasing sanctions against Plaintiffs' counsel to encourage compliance with their discovery obligations, but the Defendant attorneys failed to comply.

20. Plaintiff Todd Mueller was basically a novice at detailed and complex civil litigation and should have been properly schooled and educated as to appropriate demeanor and character necessary to provide the significant details of his case in his deposition sessions, which

extended over two business days.

21. At the first session of Plaintiffs deposition on March 28, 2019, he was verbally abused by defense counsel for an all day session of the deposition during which time he lost his temper concerning questions of misconduct by one of the Defendants' former employees, which he considered to be ongoing misconduct during the pendency of the Collectors case. However, the Defendant attorneys, Matthew Clarke and Dugan Kelley, made no attempt to call for a recess and again instruct Plaintiff as to what was appropriate conduct in a deposition proceeding.

22. Following the verbal dispute in the first session of the deposition, Plaintiff was again deposed on May 24, 2019 and this deposition proceeded over a period of 7 ½ hours with no misconduct by the Plaintiff. In opposing the Motion to Dismiss, the Defendant attorneys, Matthew Clarke and Dugan Kelley, did not tell the judge about the second all day deposition session where Plaintiffs conduct was appropriate.

23. As a direct and proximate cause of the professional negligence of the Defendant attorneys, Matthew Clarke and Dugan Kelley, Plaintiffs suffered substantial financial damages from losses in his autograph business of more than 25 years in an amount exceeding several million dollars.

## IV

### SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY AGAINST ATTORNEY CLARKE, ATTORNEY KELLEY, AND

24. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 inclusive and incorporate them as though fully set forth herein.

25. Defendant attorneys, Matthew Clarke and Dugan Kelley, owe Plaintiffs mandatory fiduciary duties, but not limited to the obligation of candor, undivided loyalty, and avoidance of conflicts of interest, including not limited to:

    a) Failing to ever prepare a risk and reward analysis of the cost of the litigation compared to the likely result of the litigation. This was a direct violation of Rule of Professional Conduct 3-500 which requires the attorney to communicate with the client concerning all important details in the case, including the preparation of a risk and reward analysis of the subject Collectors lawsuit.

    b) Failure to properly comply with the required discovery orders issued by the court following their failure to provide appropriate written discovery.

    c) Failing to obtain any affirmative discovery of the numerous witnesses urged by Plaintiffs herein to establish both Collection Defendants' liability and damages for loss of business.

    d) Failing to depose any of the numerous individuals cited in the multi-page Complaint against the Collectors and other Defendants for their interference with economic damage, in violation of Business & Professions Code §17200, and conspiracy to commit trade libel of the Defendants in the Collectors case.

    e) The conduct of the Defendants during the discovery phase of this case amounted to a violation of California Rule of Professional Conduct 3-300 as the Defendants never provided a budget and billed an excessive amount exceeding $300,000, without any discussions with the Plaintiffs herein, setting out a budget which in sum had them putting their own financial interests ahead of the Plaintiffs and his LLC autograph business. Such conduct also constituted a violation of Rule of Professional Conduct 3-700 concerning the concealment of material facts.

26. As a result of the misconduct of the attorney Defendants, Matthew Clarke, and Dugan Kelley, Plaintiffs have suffered consequential financial harm and detriment to their multi-year autograph business in a seven figure amount which will be presented at the time of trial.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For compensatory damages in excess of $3 million according to proof at the time of trial.

2. For consequential damages according to proof at the time of trial.

3. For costs of suit herein.

4. For recovery of attorney's fees incurred herein as permitted by law.

5. For such other and further relief as the court deems just and proper.

DATED: JUNE 10, 2020

Respectfully Submitted

LAW OFFICES OF CHRISTOPHER ROLIN

By: _____
Attorneys for Plaintiffs, TODD MUELLER and TODD MUELLER AUTOGRAPHS, LLC

8

COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher Rolin, SBN #88672/Law Offices of Christopher Rolin<br>2 San Pedro, Newport Coast, California 92657 — DAVID H. YAMASAKI, Clerk of the Court By Ryan Gee, Deputy Clerk. <br><br>TELEPHONE NO.: (949) 707-7171  FAX NO. (Optional): (818) 735-9992<br>ATTORNEY FOR (Name): Plaintiffs, TODD MUELLER and | Electronically Filed by Superior Court of California, County of Orange, 06/15/2020 02:05:57 PM.<br>30-2020-01148084-CU-PN-CJC |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS: 700 West Civic Center Drive
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Santa Ana Courthouse

CASE NAME:
MUELLER, TODD V. MATTHEW CLARKE, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2020-01148084-CU-PN-CJC<br>JUDGE: Judge Melissa R. McCormick<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [x] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 10, 2020
Christopher Rolin, Esq.
_(TYPE OR PRINT NAME)_    ▶ /s/ Chris Rolin
_(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]   CIVIL CASE COVER SHEET   Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center Drive<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana CA 92701<br>BRANCH NAME: Central Justice Center | |
| SHORT TITLE: Mueller vs. Clarke | |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2020-01148084-CU-PN-CJC |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Todd Mueller |
| On Behalf of: | Todd Mueller Autographs, LLC.; CCMS ID: 78905334, Todd Mueller; CCMS ID: 78905333 |
| Transaction Number: | 1745336 |
| Court Received Date: | 06/15/2020 |
| Court Received Time: | 02:05:57 PM |
| Filed Date: | 06/15/2020 |
| Filed Time: | 02:05 PM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 30-2020-01148084-CU-PN-CJC |
| Case Title: | Mueller vs. Clarke |
| Location: | Central Justice Center |
| Case Type: | Professional Negligence |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

Case Title:

| Documents Electronically Filed/Received | Status |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons Issued and Filed | Accepted |

**Court Generated Documents**
Payment Receipt

**Comments**
**Submitter's Comments:**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

Service Provider  Nationwide
Email:           efile@oc.nationwideasap.com
Contact Person:  Nationwide Legal OCEFiling Support
Phone:           7145582400