

# CHRISTMAN | KELLEY
ATTORNEYS
DALLAS | SANTA BARBARA

## RETAINER AGREEMENT FOR LEGAL SERVICES

Between

## CHRISTMAN KELLEY & CLARKE, PC

And

## TODD MUELLER & TODD MUELLER AUTOGRAPHS, LLC

1.1 **PARTIES**. The parties to this Retainer Agreement for Legal Services are the law firm of Christman Kelley & Clarke, PC ("CKC") and Todd Mueller & Todd Mueller Autographs, LLC ("Client").

1.2 **REPRESENTATION**. Client hereby hires CKC and CKC hereby agrees to represent Client in connection with the current lawsuit styled *Todd Mueller, et al. vs. Steven Louis Cyrkin, Autograph Media, Roger Epperson, and Mike Frost,* Orange County Superior Court Case #30-2014-00711928-CU-DF-CJC. CKC is substituting into the matter as counsel of record.

Other legal matters, including any appellate work regarding the above matter if it were to result in litigation, will be made the subject of a separate Retainer Agreement between CKC and Client. Client understands that CKC is not being retained to render any tax advice, and Client specifically agrees that he will obtain separate legal advice on any tax matters related to CKC's representation of Client.

1.3 **SCOPE OF RETAINER AGREEMENT**. This Retainer Agreement does not, and is not intended to, cover any appellate or tax work. This Retainer Agreement also does not apply to any legal services necessary in the event Client's case results in a mistrial.

1.4 **DUTIES OF CKC**. CKC shall take all steps in connection with the matter described in paragraph 1.2, above, which, in the opinion of CKC, are required to protect or advance the interests of Client in said matter. CKC shall keep Client informed of work done on Client's behalf. Client shall be provided with copies of significant documents generated in Client's case.

1.5 **DUTIES OF CLIENT**. Client agrees to promptly review all materials sent to Client by CKC. In the event of any inquiries, complaints, or misunderstandings that Client has, Client agrees to promptly bring those matters to the attention of CKC.

Client agrees to cooperate with CKC and be available for conferences, negotiations and appearances in Court, if necessary. Client shall be truthful with CKC, keep CKC informed of developments, and comply with all reasonable requests of CKC in connection with the preparation and presentation of Client's claims. Client shall keep CKC informed of Client's current residence and/or business addresses, residential and other applicable phone numbers, and email addresses.

1.6 PARTNERS, ASSOCIATES AND PARALEGALS. Client understands and agrees that CKC may assign any partner, associate attorney, contract attorney, Of Counsel, or paralegal to work on Client's case, all under CKC supervision.

1.7   ATTORNEYS' FEES. Client agrees to the following fee structure : 1) a reduced hourly rate of $150 per hour for all CKC attorneys who perform work on the matter and a twenty percent (20%) contingent fee on any Amount Recovered. Further, CKC at its election, may choose to accept a contingent fee of thirty three percent (33%) prior to the first mediation or 90 days prior to trial (whichever is earlier) or forty percent (40%) after the first mediation, however, if CKC makes this election, all prior hourly fees paid by Client at the $150 rate will be credited against the contingent fee. There is no credit applied, unless CKC elects the full contingent fee. Client will pay CKC for all time spent by CKC reasonably related to the representation of Client. Such time includes, but is not limited to, intra-office conferences, team meetings, legal research and analysis, review of or preparation of memoranda or documents, time spent in the preparation of correspondence, pleadings or documents pertinent to the Client's matters, and time spent traveling to and from meetings pertinent to Client's matter.

1.8   APPLICATION OF RETAINER AND HOURLY RATES. Client will tender a ten thousand dollar ($10,000.00) retainer to be applied in this matter. CKC will bill against the retainer until depleted. Client understands that CKC can ask for replenishment of the retainer and Client is obligated to keep current with the invoices and promptly replenish the retainer when requested by CKC. CKC is foregoing its standard hourly rates in this matter in exchange for the hybrid hourly/contingent fee specified above. CKC's current hourly rates are:

| NAME | HOURLY RATE |
| --- | --- |
| Andrew W. Christman | $385.00 |
| Dugan P. Kelley | $385.00 |
| Matthew M. Clarke | $385.00 |
| Contract Counsel – Of Counsel | $350.00 |
| Associate Attorneys | $300.00 |
| Paralegals | $150.00 |
| Document Control Clerks | $125.00 |

**However, for this matter, CKC will reduce its hourly rate to $150.00 per hour. In the event that CKC files a motion to recover attorney fees from Defendant, CKC will seek recovery of the maximum allowable attorney fees with the Court for Client.**

2.1 CONTINGENCY FEE. Client agrees and understands that CKC has also agreed to receive a contingency on any Amount Recovered in this matter. Client agrees and will pay CKC the following fee:

(a) Client agrees to pay CKC twenty percent (20%) of any Amount Recovered on Client's behalf in this matter. Further, CKC at its election, may choose to accept a contingent fee of thirty three percent (33%) prior to the first mediation or 90 days prior to trial (whichever is earlier) or forty percent (40%) after the first mediation, however, if CKC makes this election, all prior hourly fees paid by Client at the $150 rate will be credited against the contingent fee. There is no credit applied, unless CKC elects the full contingent fee. No credit will be given or required if CKC remains at the lower contingent fee amount of twenty percent (20%).

(c) Said contingency fee shall be owed even if the matter goes to appeal, but no contingency fee is payable until all appeals are final.

(d) If there is no Amount Recovered, **no contingency** fees will be payable to CKC. Client will be responsible for payment of all costs and expenses incurred, even if there is no Amount Recovered on Client' behalf, as more defined in Paragraphs 2.2 and 2.3.

The term "Amount Recovered" means the gross amount of any recovery, whether the recovery is tangible or intangible assets, before deduction of any unpaid costs, whether such sums are established by settlement or by entry of judgment.

**The amount of the contingency fee rate set out in this Retainer Agreement is not set by law, but is negotiable between CKC and Client.**

No settlement can be binding without the Client's consent.

2.2 <u>COSTS</u>. In addition to attorneys' fees, Client agrees to pay all reasonable out-of-pocket costs and expenses, which may be incurred by CKC in the handling of the case. Examples of these expenses are filing fees, costs of serving legal process, computerized legal research costs, deposition costs, stenographer fees and other court costs, messenger and other delivery fees, airfare at business/first class or its equivalent, mileage reimbursement at the current rate established by the Internal Revenue Service, automobile rental charges, copying, Express Mail or its equivalent, expert witness reports, consultant and expert testimony and fees, investigator fees, charges incurred for preparation of documentary evidence, and charges incurred for other professional services if necessary (e.g., appraisals, accountings and tax advice). Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by CKC personnel.

3.1 <u>WITHDRAWAL/TERMINATION OF RETAINER AGREEMENT</u>. At any time, upon reasonable notice, either Client or CKC may withdraw from this Retainer Agreement with or without cause. If CKC withdraws, it will try to obtain other counsel for Client if Client so desire. In the event Client or CKC withdraws from or terminates this Retainer Agreement for any reason, CKC will be owed the following attorneys' fees:

(a) If the Amount Recovered has been, is being, or is about to be determined via settlement or judgment, or if the case is within thirty days of the first trial or arbitration date, CKC is entitled to an attorneys' fee calculated in accordance with Section 2.1 above; or

(b) If the Amount Recovered has not been, is not being, and is not about to be determined via settlement or judgment, CKC is entitled to a reasonable value of the work already performed up to the time of discharge or withdrawal.

3.2 <u>ATTORNEYS' LIEN</u>. CKC will have a lien on any Amount Recovered by Client in this case, whether by settlement or judgment, for services rendered and costs advanced in this case. **This lien represents an interest adverse to Client. Client is informed and acknowledges Client's rights to obtain independent legal advice regarding this lien or any other matters relating to or involving this Retainer Agreement.**

4.1 <u>NO GUARANTEE</u>. CKC cannot and does not make any guarantee of success regarding Client' case.

In the event the prosecution of Client' case is not successful, the opposing party may seek from Client its costs. CKC will vigorously oppose such a request, but Client acknowledges that in such a circumstance, Client shall be solely responsible for the payment of costs awarded to the opposing party.

5.1 COMPLETE AGREEMENT. This Retainer Agreement sets forth the entire agreement between the parties hereto with respect to legal representation. There can be no modifications of the terms of this Retainer Agreement unless they are in writing and signed by a partner of CKC.

5.2 EFFECTIVE DATE. This Retainer Agreement will take effect when Client execute this Retainer Agreement, but its effective date will be retroactive to the date CKC first provided services to Client.

6.1 INSURANCE. CKC maintains "errors and omissions" covering the legal services performed under this agreement in accordance with state law and Business and Professions Code section 6148(a)(4).

Dated: 10/14/14

TODD MUELLER

TODD MUELLER AUTOGRAPHS, LLC

Dated: _____

Dated: 10/14/14

CHRISTMAN KELLEY & CLARKE, PC

By: _____
Dugan P. Kelley, Managing Shareholder