**FILED**
CLERK, U.S. DISTRICT COURT

9/28/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| TODD MUELLER and TODD MUELLER AUTOGRAPHS, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>MATTHEW CLARKE, DUGAN KELLEY, CHRISTMAN, KELLEY & CLARKE, PC, and DOES 1 through 10,<br><br>    Defendants. | Case No.: SACV 20-01401-CJC(ADSx)<br><br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND [Dkt. 10] |

## I.  INTRODUCTION & BACKGROUND

Plaintiffs Todd Mueller and Todd Mueller Autographs, LLC filed this action against Defendants Matthew Clarke, Dugan Kelley, Christman, Kelley & Clarke, PC ("CKC"), and unnamed Does, asserting claims for legal malpractice and breach of fiduciary duty.  (Dkt. 1-1 [Complaint, hereinafter "Compl."].)  Plaintiffs' Complaint

asserts that Defendants failed to properly represent them in a prior lawsuit against defendants who allegedly conspired to brand Plaintiffs' legitimate collectable memorabilia as forgeries.  (*Id.*)  Plaintiffs seek compensatory damages "in excess of $3 million," consequential damages, and attorneys' fees and costs.  (*Id.* at 8.)

Plaintiffs filed their complaint in Orange County Superior Court, but Defendants removed the action to this Court asserting diversity jurisdiction.  Before the Court is Plaintiffs' motion to remand.  (Dkt. 10-1 [hereinafter "Mot."].)  For the following reasons, this motion is **DENIED**.[1]

## II.  LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332.  The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (quotations omitted).

//
//
//

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for October 5, 2020 at 1:30 p.m. is hereby vacated and off calendar.

## III.  DISCUSSION

Plaintiffs argue that remand is proper because Defendants have failed to establish diversity of citizenship.[2]  The Court disagrees.

It is undisputed that Plaintiffs are Colorado citizens.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Id.*  Todd Mueller is domiciled in Colorado.  (*See* Dkt. 10-2 [Declaration of Todd Mueller, "Mueller Decl."].)  Because "an LLC is a citizen of every state of which its []members are citizens,"  Todd Mueller Autographs, LLC is also a citizen of Colorado.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiffs offer only that the LLC is "a Colorado limited liability company" through which Mueller operates his memorabilia business.  (Mueller Decl. ¶ 1.)  They do not provide evidence of other members who are citizens of any other states.

Defendants have established complete diversity of citizenship.  A natural person's state of citizenship is determined by his state of domicile.  *Kanter*, 265 F.3d at 858.  Clarke and Kelley are both domiciled in Texas.[3]  (*See* Dkt. 18-1 [Declaration of Matthew Clarke, hereinafter "Clarke Decl."] ¶ 13; Dkt. 18-2 [Declaration of Dugan Kelley] ¶ 3.) CKC is also a citizen of Texas.  "[A] professional corporation is to be treated like other

---

[2] Plaintiffs do not dispute that the amount in controversy exceeds the statutory requirement of $75,000.

[3] Plaintiffs argue that a 2018 Statement of Information filed with the California Secretary of State, which lists Clarke as CKC's designated agent for service of process at a California residence, is an admission that Clarke is a resident of the state.  (Mot. at 9–12.)  But a natural person's state of citizenship is determined by his state of domicile, not his state of residence.  *Kanter*, 265 F.3d at 858.  The 2018 form to which Plaintiffs refer concurrently lists a Texas address for Clarke in his capacity as "Chief Executive Officer."  (Mueller Decl. Ex. C.)  Accordingly, this document is not determinative of Clarke's domicile for diversity jurisdiction.

corporations for purposes of determining the presence or absence of diversity jurisdiction." *Hamil v. DePuy Orthopaedics, Inc.*, 2013 WL 30371170, at *1 (C.D. Cal. June 18, 2013) (quoting *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir. 1986)).  Since CKC was incorporated and has its principal place of business in Texas, it is a citizen of that state.  (Clarke Decl. ¶ 14); *see* 28 U.S.C. § 1332(c)(1).  CKC's registration forms with the California Secretary of State list CKC's "Principal Executive Office" as located in Highland Village, Texas.  (Mueller Decl. Exs. B, C.)

Plaintiffs argue that CKC is a citizen of California.  (Mot. at 2.)  As an initial matter, even if Plaintiffs are correct that one or more of the Defendants is a citizen of California, a defendant who is a citizen of California does not destroy diversity in this case because Plaintiffs are citizens of Colorado, not California.  The only way to destroy diversity is if one of the defendants is a Colorado citizen.  Plaintiffs offer no evidence or argument that any Defendant is a Colorado citizen.

Nevertheless, Plaintiffs argue that because CKC filed a "Statement and Designation by Foreign Professional Corporation" with the California Secretary of State, it is now a California professional corporation under California Corporations Code § 13404.5(d).  (*See* Mot. at 8.)  However, Section 13404.5(d) does nothing to establish a professional corporation's citizenship, but rather merely subjects any professional corporation doing business in California to the state's laws and regulations concerning that profession as well as its courts.  This is a registration requirement for "foreign" corporations doing business in California and—to state the obvious—because they are "foreign" to California they are not citizens of the state.  That CKC has an office in California and does some business here is not sufficient to establish citizenship in this state.  Accordingly, CKC is a citizen of Texas for diversity jurisdiction purposes.

//

**IV. CONCLUSION**

For these reasons, Plaintiffs' motion to remand is **DENIED**.

DATED: September 28, 2020

_____

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE