Christopher Rolin, Esq., SBN #38672
Law Offices of Christopher Rolin
2 Saint Pierre
Newport Coast, California 92657
(949) 706-7171
christopherrolin@gmail.com

Attorney for Plaintiffs,
TODD MUELLER and TODD
MUELLER AUTOGRAPHS, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| TODD MUELLER and TODD MUELLER AUTOGRAPHS, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>MATTHEW CLARKE, an individual; DUGAN KELLEY, an individual; CHRISTMAN, KELLEY & CLARKE, PC; and DOES 1 through 10, inclusive,<br><br>  Defendants. | CASE NO.: 8:20-cv-01401 CJC (ADSx)<br>Assigned To: Hon. Cormac J. Carney<br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES:<br><br>1. LEGAL MALPRACTICE;<br><br>2. BREACH OF FIDUCIARY DUTY |

Plaintiffs, Todd Mueller and Todd Mueller Autographs, LLC, are informed and hereinafter believe and based on said information and belief do allege as follows:

## I

## INTRODUCTION

1. Plaintiff, Todd Mueller, is an individual residing in the State of Colorado and is a leading dealer in autographed memorabilia throughout the world. Plaintiff, Todd Mueller, operates as a dealer on an individual basis and through his company, Todd Mueller Autographs, LLC, a Colorado limited liability company. Plaintiff, Todd Mueller, also did

1

FIRST AMENDED COMPLAINT

Case 8:20-cv-01401-CJC-ADS   Document 33   Filed 06/25/21   Page 2 of 12   Page ID #:540

business and was the subject of misconduct in the County of Orange.

2. At all times herein mentioned, Plaintiffs, Todd Mueller (hereinafter referred to as "Mueller") and Todd Mueller Autographs, LLC, were performing business activities in the County of Orange, State of California. They were Plaintiffs in an action against Collectors Universe, Inc., a Delaware corporation doing business as PSA/DNA and several other Defendants in connection with multiple causes of action in a case filed in Orange County (the "Collectors Universe case"). They were also Plaintiffs in an action against Steven Cyrkin, and others, pending in the Orange County Superior Court, in which the instant Plaintiffs alleged that Cyrkin and others were liable to them because of defamatory statements made by Cyrkin and others (the "Cyrkin defendants") about the instant Plaintiffs, among other causes of action (the "Cyrkin action").

3. Defendants, Matthew Clarke and Dugan Kelley, were principals in the law firm of Christman, Kelley & Clarke, PC, located in Santa Barbara, California. However, they were the the Plaintiffs' attorneys in the prior case which were litigated in the County of Orange.

4. The true names and capacities, whether corporate, associate, individual, partnership, or otherwise of Defendants DOES 1 through 20, are unknown to Plaintiffs. Defendants DOES 1 through 20 are sued herein as DOES 1 through 10, inclusive are sued in this Complaint under such fictitious names. Defendants' true names and capacities are unknown to Plaintiffs. When said Defendants' true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and based upon such information and belief thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the events and occurrences alleged in this Complaint and that Plaintiffs' damages, as alleged in this Complaint were proximately caused by those said Defendants as alleged herein.

5. At all times herein mentioned, that each of the Defendants, and DOES 1 through 20,

2

FIRST AMENDED COMPLAINT

inclusive were and are the agent, servant, representative and/or employee of each other said Defendant and as such said Defendants are sued herein individually, and as the agent, servant, representative, and/or employee of each other said Defendant. At all times herein mentioned, said Defendants were acting within the purpose and scope of such agency, representation, servitude, and/or employment of each other said Defendant and with the expressed and/or implied consent and/or ratification of each other said Defendant.

6. The amount in controversy is several million dollars and therefore properly filed in the Superior Court for the County of Orange for this action involving agreements, acts, omissions, and other alleged misconduct which occurred in the County of Orange. This action was subsequently removed from the Superior Court for the County of Orange to the United States District Court, Central District of California, on the basis of diversity of citizenship.

## II

## BACKGROUND

7. The autographed entertainment memorabilia industry (the "industry") is a $2 billion industry that consists of the buying and selling of autographed items (collectively hereinafter referred to as "items") signed by various entertainment, sports, and political celebrities (hereinafter collectively referred to as "celebrities").

8. Plaintiffs are engaged in the business of buying and selling collectible memorabilia consisting primarily of autographed images of celebrities (the "Memorabilia Market"). For over two decades, Plaintiffs have sold memorabilia and items to the public and are considered one of the leading collectible memorabilia dealers within the industry.

9. The industry is comprised of dealers, auction houses, third party authenticators, and end consumers. To sustain the market, dealers, auction houses, and consumers depend on third party authenticators to authenticate items in the Memorabilia Market.

10. Within the Memorabilia Market are a select few individuals that multiple

companies, including auctioneers, dealers, and authenticators, share amongst themselves to control the industry to the detriment of those that are not in this "inner circle."

11. The Defendants in Collectors Universe case make up this inner circle and engaged jointly in a campaign to remove Plaintiffs from the market entirely. Specifically, Defendants in the Collectors Universe case conspired to not authenticate genuine items sold by Plaintiffs, not based on the genuineness of the item, but on the sole fact that the item was sold by Plaintiffs. In an effort to remove Plaintiffs from the Memorabilia Market, Defendants in the Collectors Universe case engaged in unlawful and illegal business practices, including: making accusations in public forums unjustly labeling Plaintiffs as purveyors of forgeries; failing to authenticate the actual items versus simply claiming items are forgeries because they are being sold by Plaintiffs; engaging collectors to not buy from Plaintiffs.

12. Plaintiffs in the Collectors Universe case alleged the Defendants in that action conspired to remove Plaintiffs from the Memorabilia Market by publicly declaring the items Plaintiffs sell as forgeries. Aside from spreading malicious fabrications claiming Plaintiffs are purveyor of forgeries, said businesses refused to authenticate items sold by the Plaintiffs not based on the actual genuineness of the items, but on the sole fact that the item was sold by Plaintiffs. Such actions were done intentionally to disparage the items sold by the Plaintiffs in the public perception and to induce customers not to continue or otherwise do business with Plaintiffs.

13. Although PSA/DNA and JSA appeared to be competitors, most of PSA/DNA and JSA's authenticators perform as authenticators for each company, meaning the same authenticators act on behalf of both PSA/DNA and JSA. In addition, some authenticators that were working for PSA/DNA and JSA were also authenticating through their own services or providing authentication services for auction houses, such as R&R Auction Company.

14. Instead of judging the authenticity of an item based on the genuineness of the

4

FIRST AMENDED COMPLAINT

signature and the item itself, the Collectors Universe Defendants used their conjoined market power created through their agreement to employ and utilize their network of authenticators, dealers, and media personalities to come together and ensure that certifications of authenticity were not issued to items sold by Plaintiffs herein.

15. By publicly and falsely labeling Plaintiffs' goods as forgeries or Plaintiffs as purveyors of forgeries, the Collectors Universe Defendants removed Plaintiffs from the market entirely.

16. At or about the same time that the Collectors Universe Defendants committed their wrongful conduct against Plaintiffs and each of them, the Cyrkin defendants similarly injured Plaintiffs, and each of them, through false and defamatory statements about the authenticity of items offered for sale by Plaintiffs and each of them, making statements that constituted trade libel about and against Plaintiffs and each of them, all to the detriment of Plaintiffs and each of them. In order to seek redress against the Cyrkin defendants, Plaintiffs and each of them engaged Defendants herein to represent Plaintiffs and each of them in the Cyrkin action.

## III

## FIRST CAUSE OF ACTION FOR LEGAL MALPRACTICE
## AGAINST ATTORNEY CLARKE, ATTORNEY KELLEY, AND
## CHRISTMAN, KELLEY & CLARKE, PC

17. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 16 inclusive and incorporate them as though fully set forth herein.

18. Plaintiffs contend that the attorney Defendants, Matthew Clarke and Dugan Kelley, and their firm Christman, Kelley & Clarke failed to use the skill and care that reasonable prudent careful attorneys would have used under similar circumstances in their prosecution of the three count Complaint against Collectors Universe, Inc. and the other Defendants in the Collectors Universe action and in the Cyrkin action.

19. Plaintiffs allege that the actions of attorney Defendants, Matthew Clarke and Dugan Kelley, through their law firm beginning in April, 2016 through the Summer of 2019, when the Collectors Universe action was lost on a pretrial motion constituted attorney negligence and was beneath the standard of care for civil litigation in Southern California.

20. Plaintiff Todd Mueller and his Todd Mueller Autographs, LLC had been in business for a lengthy career which marketed the sale of autographs throughout the United States. During the three-year course of discovery from the date of filing through the first session of Plaintiff's deposition, the Plaintiffs and each of them, who at all times were represented by Defendants herein were found by the court to have willfully violated multiple discovery orders. The court in Collectors Universe action issued incrementally increasing sanctions against Plaintiffs and Defendant herein, Plaintiffs counsel to encourage compliance with their discovery obligations, but the Defendants herein failed to comply with said orders. Plaintiffs herein relied on Defendants herein to properly prepare responses to written discovery, and provided to Defendants herein all the necessary information and documents as requested by Defendants herein to enable proper and complete responses to the written discovery in the Collectors Universe case to be prepared and served on the Collectors Universe defendants.

21. Plaintiff Todd Mueller was basically a novice at detailed and complex civil litigation and according to the applicable standard of care for attorneys in the County of Orange and through the State of California should have been properly schooled, prepared and educated as to appropriate demeanor and character necessary to provide the significant details of his case in his deposition sessions, which extended over two business days.

22. At the first session of Plaintiff's deposition on March 28, 2019, he was verbally abused by defense counsel for an all-day session of the deposition during which time he lost his temper concerning questions of misconduct by one of the Defendants' former employees,

which he considered to be ongoing misconduct during the pendency of the Collectors Universe action. However, the Defendant attorneys, Matthew Clarke and Dugan Kelley, failed to properly object to the improper questioning during the depositions and made no attempt to call for a recess and instruct Plaintiff as to what was appropriate conduct in a deposition proceeding.

23. Following the verbal dispute in the first session of the deposition, Plaintiff Mueller was again deposed on May 24, 2019 and this deposition proceeded over a period of 7 ½ hours during which Plaintiff Mueller comported himself appropriately and responded to the questions posed to him. In opposing the Motion to Dismiss brought by the Collectors Universe defendants, the Defendant attorneys, Matthew Clarke and Dugan Kelley, did not tell the judge about the second all day deposition session where Plaintiff's conduct was appropriate.

24. Due to the professional negligence of Defendants and each of them, the Collectors Universe action was dismissed as a result of the court issuing a terminating sanctions order against Plaintiffs. But for the professional negligence of Defendants and each of them, Plaintiff and each of them would have been awarded millions of dollars against the Collectors Universe defendants which award would have been collectible against the Collectors Universe defendant.

25. At or about the same time as the wrongful conduct giving rise to the Collectors Universe occurred, the Cyrkin defendants were making and publicizing defamatory statements on internet websites and blogs about Plaintiffs and each of them, falsely claiming that they sold and offered for sale items to the Memorabilia Market that were forgeries or otherwise inauthentic, causing Plaintiffs and each of them millions of dollars of damages in lost revenue and profits. Defendants herein represented Plaintiffs and each of them in the Cyrkin action.

26. In August of 2018, as the trial date in the Cyrkin action was approaching, a settlement was reached between Plaintiffs and each of them, and the Crykin defendants. The

settlement was in writing, signed by the parties thereto.  The principal consideration to be received by Plaintiffs and each of them was the promise by the Cyrkin defendants, and each of them, to cease making defamatory statements about Plaintiffs and each of them and to remove all defamatory content regarding Plaintiffs and each of them that was published on the websites and blogs owned by the Cyrkin defendants of any origin.  In addition, the Cyrkin defendants promised in the settlement agreement to permit a forensic computer examination of the Cyrkin defendants' hard drives to confirm compliance with the terms of the settlement. Plaintiffs are informed and believe and thereupon all that the Court was advised of the written settlement agreement, and in response to said advice, vacated the trial date, and schedule a hearing on an order to show cause re dismissal for December 14, 2018.

27.  Plaintiffs are informed and believe and thereupon allege that shortly before the December 14, 2018, Defendants in the instant action filed a "response" to the order to show cause, in which they purported to bring a motion to enforce the aforementioned written settlement agreement because the Cyrkin Defendants had not complied with the terms of the agreement in that they continue to allow defamatory publications on websites or blogs or other platforms owned or controlled by the Cyrkin defendants, and because the Cyrkin Defendants had not permitted forensic examination of various hard drives that would confirm compliance with the written settlement agreement.

28.  Plaintiffs are further informed and believe and thereupon allege that at the hearing on December 14, 2018, the Court expressly directed Defendant Clarke, who appeared at the hearing on Plaintiffs' behalf to set a Motion to Enforce the Settlement Agreement to Enforce Settlement as a noticed motion.  The Court also continued the hearing on the order to show cause re dismissal to February 15, 2019.

29.  Plaintiffs are further informed and believe that despite the Court's instructions to Defendant Clarke that a motion to enforce the settlement agreement be set for hearing as a

noticed motion, Defendants herein instead submitted on February 14, 2019, the day before the scheduled hearing on the order to show cause re dismissal, an ex parte application for an order enforcing the settlement per CCP §664.6, or alternatively for an order shortening time or specifically setting the hearing for enforcement.  In the ex parte application, Defendant Clarke represented to the Court that Cyrkin had failed to produce hard drives containing the required data up to the present, and had produced a total of 22 hard drives, requiring Plaintiffs to pay an expert approximately $24,000, to examine hard drives that did not contain data concerning the years 2015, 2016, and 2017, as was agreed to in the settlement agreement.  According to the Court's minute order, on the record, the parties stipulated that Erik Joon Hoswer will conduct a forensic examination of Cyrkin's hard drives on March 4, 2019 at Cyrkin's residence.  The Court then continued the hearing on the order to show cause re dismissal to April 5, 2019.

30.  On April 5, 2019, the date set for the hearing of the court's order to show cause re: dismissal, Plaintiffs are informed and believe and thereupon allege that, according to the Court's minute order, there were no appearances by any party, and the Court ordered the entire action dismissed without prejudice, and executed the minute order on April 8, 2019, to that effect.

31.  Plaintiffs are informed and believe and thereupon allege that on April 25, 2019, Defendant Clarke filed a request for dismissal of the entire action with prejudice, and the action against the Cyrkin Defendants was dismissed by the Clerk on that date.  At no time did Defendants, or any of them, advise Plaintiffs or any of them whether a forensic examination of Cyrkin's hard drives occurred on or about March 4, 2019, and if so what the results of that examination were.  Nor did Defendants or any of them advise Plaintiffs or any of them that the Cyrkin action was dismissed or did they secure permission from Plaintiff or either of them to do so.

32. Plaintiffs first learned in November, 2020, of Defendants' failure to properly prepare and document the settlement in the Cyrkin suit when a motion to enforce the same settlement agreement brought by another party thereto was denied because Defendants failed to take the proper steps to preserve the trial court's jurisdiction to enforce the settlement pursuant to CCP §664.6.  Plaintiff first learned that Defendants dismissed the Cyrkin suit, without Plaintiffs' permission in May, 2021.

33. As a direct and proximate cause of the professional negligence of the Defendant attorneys, Matthew Clarke and Dugan Kelley, Plaintiffs suffered substantial financial damages from losses in his autograph business of more than 25 years in an amount exceeding several million dollars.  In addition, Plaintiffs expended hundreds of thousands of dollars in legal fees to Defendants for which Plaintiffs received no value, entitling Plaintiffs to restitution of said expenditures.

## IV

### SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY AGAINST ATTORNEY CLARKE AND ATTORNEY KELLEY

34. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 33 inclusive and incorporate them as though fully set forth herein.

35. Defendant attorneys, Matthew Clarke and Dugan Kelley, owe Plaintiffs mandatory fiduciary duties, but not limited to the obligation of candor, undivided loyalty, and avoidance of conflicts of interest, including not limited to:

   a) Failing to ever prepare a risk and reward analysis of the cost of the litigation compared to the likely result of the litigation.  This was a direct violation of Rule of Professional Conduct 3-500 which requires the attorney to communicate with the client concerning all important details in the case, including the preparation of a risk and reward analysis of the subject Collectors lawsuit.

b) Failure to properly comply with the required discovery orders issued by the court following their failure to provide appropriate written discovery.

c) Failing to obtain any affirmative discovery of the numerous witnesses urged by Plaintiffs herein to establish both Collection Defendants' liability and damages for loss of business.

d) Failing to depose any of the numerous individuals cited in the multi-page Complaint against the Collectors and other Defendants for their interference with economic damage, in violation of <u>Business & Professions Code</u> §17200, and conspiracy to commit trade libel of the Defendants in the Collectors case.

e) The conduct of the Defendants during the discovery phase of this case amounted to a violation of California Rule of Professional Conduct 3-300 as the Defendants never provided a budget and billed an excessive amount exceeding $300,000, without any discussions with the Plaintiffs herein, setting out a budget which in sum had them putting their own financial interests ahead of the Plaintiffs and his LLC autograph business.  Such conduct also constituted a violation of Rule of Professional Conduct 3-700 concerning the concealment of material facts.

f) Failing to pursue Plaintiffs' rights stemming from the settlement agreement in the action against the Cyrkin defendants to as to protect Plaintiffs and each of them from continued defamation and trade liable by the Cyrkin Defendants, and unnecessarily requiring Plaintiffs and each of them to incur hundreds of thousands of dollars and without securing any benefit for Plaintiffs as a result of Defendants' representation.

36.  As a result of the misconduct of the attorney Defendants, Matthew Clarke and Dugan Kelley, Plaintiffs have suffered consequential financial harm and detriment to their multi-year autograph business in a seven figure amount which will be presented at the time of trial.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. For compensatory damages in excess of $3 million according to proof at the time of trial.

2. For consequential damages according to proof at the time of trial.

3. For costs of suit herein.

4. For recovery of attorney's fees incurred herein as permitted by law.

5. For such other and further relief as the court deems just and proper.

DATED: JUNE 25, 2021                    Respectfully Submitted

                                        LAW OFFICES OF CHRISTOPHER ROLIN


                                        By: _____/s/_____
                                            Attorneys for Plaintiffs, TODD MUELLER
                                            and TODD MUELLER AUTOGRAPHS,
                                            LLC